IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| Tamara Blanchette | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:14-CV-564 |
| | ) | |
| Asset Acceptance, LLC | ) | Jury Trial Demanded |
| | ) | |
| Defendant | ) | |
| | ) | |

COMPLAINT

INTRODUCTION

1. This is an action for damages against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq.

JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331 (federal question jurisdiction).

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. (hereafter referred to as "FDCPA") by Defendant, in its illegal efforts to collect a consumer debt.

4. Venue is proper in this District because the acts and transactions occurred here, Defendant transacts business here and Plaintiff resides here.

1

## PARTIES AND PERSONAL JURISDICTION

5. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 4 above as if set forth fully herein.

6. Plaintiff, Tamara Blanchette (hereafter referred to as "Plaintiff" and/or "Ms. Blanchette") is a resident of this State, District and Division who is authorized by law to bring this action.

7. Defendant Asset Acceptance, LLC (hereafter referred to as "Defendant Asset") is a "debt collector" as defined by 15 U.S.C. §1692a(6), and a for-profit corporation organized in Delaware, with its principal office located at 28405 Van Dyke Avenue, Warren, MI 48093-7132 and maintains Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312, as its registered agent for service of process.

8. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

9. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 8 above as if set forth fully herein.

10. Defendant alleges Plaintiff incurred an obligation to pay money arising out of a transaction in which money, property, insurance or services which are the subject of the transaction are primarily for personal family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. Prior to the filing of this Complaint, on or about, March 18, 2013, Defendant Asset sent a collection letter dated March 18, 2013 to Ms. Blanchette.

12. The March 18, 2013 collection letter from Defendant Asset was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). A copy of the March 18, 2013 collection communication is attached hereto as Exhibit A and incorporated herein by reference.

13. The March 18, 2013 collection letter stated (a) that Defendant Asset as client and the current creditor on the account was Defendant Asset; (b) the last four digits of the account number for Defendant is 7212; (c) the last four digits of the original creditor number account were 5952; and (4) the Plaintiff owed a balance of $3,488.66. See attached Exhibit A.

14. Thereafter, Defendant Asset retained the law firm of Fulton, Friedman & Gullace, LLP (hereinafter referred to as "Agent Fulton"), not a party to this suit, to collect the above-referenced debt.

15. Within a year prior to the filing of this Complaint, Agent Fulton, on behalf of and at the directive of Defendant Asset, sent a collection letter dated December 6, 2013 to Ms. Blanchette.

16. The December 6, 2013 collection letter was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). A copy of the December 6, 2013 collection communication is attached hereto as Exhibit B and incorporated herein by reference.

17. The December 6, 2013 collection letter stated (a) the current creditor as Defendant Asset, as assignee of Capital One Bank National Association / Suzuki; (b) the last four digits of the file number is 0588; (c) the last four digits of the original account as 5952, and (d) the Plaintiff owed a balance of $3,899.32.

18. Thereafter, Ms. Blanchette received a subsequent collection letter from Defendant

Asset approximately one month later dated January 13, 2014 from Agent Fulton on behalf of Defendant Asset

19. The January 13, 2014 collection letter from Agent Fulton at the directive of Defendant Asset was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). A copy of the January 13, 2014 collection communication is attached hereto as Exhibit C and incorporated herein by reference.

20. The January 13, 2014 collection letter stated (a) the current creditor as Defendant Asset; (b) the last four digits of Agent Fulton's file number as 0588; (c) the last four digits of the original account number were 5952, and (d) the Plaintiff owed a balance of $4,113.61.

21. Thereafter, Ms. Blanchette received a subsequent collection letter from Defendant Asset, through Agent Fulton, approximately one month later dated March 11, 2014.

22. The March 11, 2014 collection letter from Defendant Asset was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). A copy of the March 11, 2014 collection communication is attached hereto as Exhibit D and incorporated herein by reference.

23. The March 11, 2014 collection letter from Agent Fulton at the directive of Defendant Asset was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). A copy of the March 11, 2014 collection communication is attached hereto as Exhibit D and incorporated herein by reference. (d) the Plaintiff owed a balance of $4,068.61.

24. Ms. Blanchette did make $50.00 monthly payments on this account for the months of January, February and March, 2014.

4

25. Acting at the directive of its client, Agent Fulton filed a civil action in Knox County General Sessions Court, Knoxville, Tennessee, against Ms. Blanchette. A copy of the Civil Warrant and Summons is attached hereto as Exhibit E and incorporated herein by reference

26. The Civil Warrant and Summons (collectively hereafter referred to as "Civil Warrant") was issued against Ms. Blanchette on February 3, 2014.

27. The Civil Warrant asserted Ms. Blanchette is indebted to Defendant Asset Acceptance, LLC, in the total amount of $ 3,485.80; specifically, the Civil Warrant states:

> For Suit on a sworn account here to the court shown in the amount of $3485.80 together with interest at the statutory rate of 10% from 9/29/2012, plus court costs and service of process costs in the amount of $42.00.

See Exhibit E.

28. Also attached to the Civil Warrant was a document entitled "Affidavit In Support of Plaintiff's Claim (hereinafter referred to as "Affidavit")." A copy of the Affidavit is attached hereto as Exhibit F and incorporated herein by reference.

29. The Affiant, Kyra Jackman, asserts to be a "custodian of records" for Defendant Asset and competent to testify to the matters set forth herein.

30. Kyra Jackman goes on to assert that:

- I am employee of ASSET ACCEPTANCE, LLC, a DELAWARE LITMITED LIABILITY COMPANY, and as such, I have knowledge of the facts of this case as a custodian of records for the Plaintiff and I an authorized to make this affidavit.
- Upon review of records in my possession, TAMARA BLANCHETTE established an account with CAPITAL ONE BANK NATIONAL ASSOCIATION / SUZUKI herein under account number XXXXXXXXXXXX-5952.
- That after establishing said account, Defendant(s) incurred charges and/or fees and/or interest upon said account.
- Defendant(s) defaulted on their payment obligations with regard to said account.
- Thereafter, Plaintiff purchased said account for value and is now the

5

> owner of said account.
> - That as a result of Defendant(s) payment default, the Defendant(s) named herein is/are justly indebted to the Plaintiff in the amount of $3,485.80 together with interest, if sought, in an amount not to exceed the statutory rate.
> - That I make this affidavit in support of Plaintiff's application for a default judgment against the Defendant(s) herein.

See Exhibit F (emphasis in original).

31. Kyra Jackman signed the Affidavit on December 18, 2013. See Exhibit F.

32. Ms. Blanchette, through her counsel in the state court action, filed a Sworn Denial on April 10, 2014, asserting she was not indebted to Defendant Asset regarding the debt sought in the state court action. A copy of the Sworn Denial is attached hereto as Exhibit G and incorporated by reference herein.

33. Defendant Asset filed a non-suit regarding the Civil Warrant in state court on or about October 27, 2014.

## CAUSES OF ACTION
### FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: UNFAIR PRACTICES

34. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 33 above as if set forth fully herein.

35. The acts of Defendant constitute multiple violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the collection of amounts neither expressly authorized by the agreement creating the debt nor permitted by law in a violation of 15 U.S.C. §1692f(1).

36. The actual amount of the alleged debt is certainly in question. It is overly confusing as to what amount is owed on this account since the amount of $3,488.66 is demanded in the Defendant's collection letter dated March 18, 2013; then the balance increases to

$3,899.32 pursuant to Defendant's collection letter dated December 6, 2013; then the balance increases to $4,113.61 pursuant to Defendant's collection letter dated January 13, 2014; then the balance decreases to $4,068.61 pursuant to Defendant's collection letter dated March 11, 2014. When Defendant realized it could not collect an unauthorized, inflated, balance amount, it then inexplicably decreased the amount sought in civil litigation brought before a Court.

37. A simple understanding of accruing interest shows that the amounts demanded by Defendant is a result of Defendant's efforts to keep Ms. Blanchette confused as to the amount owed since they are completely random and accrue incalculable rates of interest that are neither authorized in the agreement creating the debt nor permitted by law.

38. A calculation of the Defendant's demands of various balances on this account demonstrates interest accruing on the account at a rate of 16.337% based upon an annual percentage rate ("APR") from the Defendant's March 18, 2013 collection letter demanding $3,488.66 to the December 6, 2013 collection letter demanding $3,899.32; then the various balances on this account demonstrate interest accruing on the account at a rate of 52.786% based upon an annual percentage rate ("APR") from Defendant's December 6, 2013 collection letter demanding $3,899.32 to the January 13, 2014 collection letter demanding $4,113.61; then the balance decreases to $3,485.80 in Defendant's Civil Summons.

39. Ms. Blanchette asserts that her interest rate on her Capital One Bank, N.A./ Suzuki account ending in 5952 was neither 16.337% APR, nor 52.786% APR.

40. By demanding amounts that increase at a rate of interest which is inconsistent with the contractual rate of interest, and then decreasing the amount sought on the Civil Warrant, Defendant has confused Ms. Blanchette as to what amount of money she owes on this account.

41. Ms. Blanchette asserts that the constantly changing balances demanded by

7

Defendant demonstrate that the Defendant does not have actual knowledge of the correct amount owed on this account, if any.

42. Ms. Blanchette asserts that the constantly changing balances demanded by Defendant demonstrate that the Defendant does not have actual knowledge of the correct amount of interest applicable to this account, if any.

43. Ms. Blanchette further asserts that Defendant is attempting to keep her confused as to the amount owed, so that if she were to make payments on this account she would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by her.

44. Defendant's collection letters never assert that interest and/or fees are accruing or at what rate interest/fees are accruing, late charges and other charges may vary from day to day, and therefore even if she were to pay the full amount demanded of her, Defendant may still seek more from her in the future.

45. The collection letters from Defendant assert varying balances owed, and after calculating the time that had passed between the letters and the change in the amount demanded, it is obvious the interest and fees charged were not applied consistently and thus could not be in compliance with the original agreement creating the debt.

46. Further, Defendant attempted to collect an interest rate at the "statutory rate of 10%." See Exhibit E. Ms. Blanchette avers ten percent is not the proper statutory rate of interest and is unlawfully attempting to misrepresent a statutory interest rate this is higher than the proper amount.

47. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

## SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS AS TO THE AMOUNT OF THE ALLEGED DEBT

48. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 47 above as if set forth fully herein.

49. The acts of Defendant constitute violations of the FDCPA. Violations by the Defendant of the FDCPA include, but are not limited to, the use of false, deceptive or misleading representations in connection with the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2)(A).

50. Each letter from Defendant demands a different amount from the Plaintiff.

51. As more fully described in the first cause of action, *supra*, a calculation of the time between the Defendant's collection letters and the amounts sought shows that each and every collection effort has accrued a different amount of interest, and none of them applied the contractual rate of interest or an amount permissible by applicable law.

52. By assigning different account balances and interest rates to the same account, none of which are the applicable contract rate of interest, Defendant has confused Ms. Blanchette as to what amount of money is owed on this account.

53. Ms. Blanchette is confused as to who is owed and what amount on this account since the Plaintiff has received various collection letters with varying balances and non-contractual interest rates applied.

54. As a result of Defendant's actions, Plaintiff is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: USE OF SWORN AFFIDAVIT THAT CONTAINED FALSE, DECEPTIVE AND MISLEADING STATEMENTS IN CONNECTION WITH COLLECTION OF THE ALLEGED DEBT

55. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 54 above as if set forth fully herein.

56. An affidavit filed in support of a Civil Summons on a sworn account in Tennessee is filed to attest to the correctness of the amount owed. *See*, Tenn. Code Ann. §24-5-107(a).

57. Ms. Jackman, Defendant Asset's authorized agent, who authored the Affidavit that was filed on or about February 3, 2014, in support of the Civil Warrant and Summons, swore under oath in the Affidavit to the following statements:

> Kara Jackman, being first duly sworn, deposes and says:
>
> 1. I am an employee of ASSET ACCEPTENCE, LLC, a DELAWARE LIMITED LIABILITY COMPANY, and as such, I have knowledge of the facts of this case as a custodian of records for the Plaintiff and I am authorized to make this affidavit.
> 2. Upon review of the records in my possession, TAMARA BLANCHETTE established an account with CAPITAL ONE BANK NATIONAL ASSOCIATION / SUZUKI herein under account number XXXXXXXXXXXX-5952.
> 3. There after establishing said account, Defendant(s) incurred charges and/or fees and/or interest upon said account.
> 4. Defendant(s) defaulted on their payment obligations with regard to said account.
> 5. Thereafter, Plaintiff purchased said account for value and is now the owner of said account.
> 6. That as a result of Defendant(s) payment default, the Defendant(s) named herein is/are justly indebted to the Plaintiff in the amount of $3,485.80 together with interest, if sought, in an amount not to exceed the statutory rate.
> 7. That I make this affidavit in support of Plaintiff's application for a default judgment against the Defendant(s) herein.

See attached Exhibit F (emphasis in the original).

58. The allegations averred in the above-referenced Paragraph made under the penalty of perjury were simply the regurgitation by Ms. Jackman of language from the Tennessee Rules of Evidence in an intentional attempt to mislead the State court and Ms. Blanchette into believing that Ms. Jackman was someone who had personal knowledge of the amount of debt allegedly owed by Ms. Blanchette and that Ms. Blanchette, in fact, owed the debt, when it was not possible for Ms. Jackman to have such personal knowledge.

59. Ms. Blanchette is of the information, knowledge and belief that prior to signing the Affidavit, which was done under the penalty of perjury, Ms. Jackman did not review records of the originator of the debt to determine if there was a contract signed by Ms. Blanchette and, if so, whether the amount Ms. Blanchette allegedly owed was correct because Defendant Asset continued to follow its business model of not obtaining records of the originator of the debt.

60. Defendant Asset intentionally uses virtually identical form affidavits in the collection lawsuits filed against Tennessee consumers alleging facts not in possession of Defendant Asset and to which its agents are not qualified to sign under oath due to their lack of information.

61. Form affidavits, such as the one filed in the lawsuit against Ms. Blanchette, are generated automatically by a computer owned by Defendant Asset upon request and routinely provided to Ms. Jackman and other employees and/or agents of Defendant Asset who engage in robo-signing hundreds of affidavits without the information or ability to make a sworn affidavit as to the correctness of the amount owed by consumers.

62. Without records of the originator of the debt available for Ms. Jackman to review prior to signing the Affidavit, under penalty of perjury, to determine if the amount allegedly owed by Ms. Blanchette was correct, as required by Tennessee state law for a sworn account, it

11

was impossible for Ms. Jackman to truthfully make a sworn affidavit as to the correctness of the amount owed, if any, by Ms. Blanchette.

63. Defendant Asset filed the collection lawsuit against Ms. Blanchette in an attempt to collect the debt knowingly using Ms. Jackman's sworn Affidavit that contained the false, deceptive and misleading language as the only evidentiary basis to support its claim(s).

64. The intentional use by Defendant of the form affidavit in Ms. Blanchette's collection lawsuit that contains representations that are obviously fraudulent, and in violation of state law, is the use of false, deceptive, and misleading representations or means in connection with collection of the debt to collect, in violation of 15 U.S.C. §§1692e and 1692e(10), and the use of unfair and unconscionable means to collect or attempt to collect the debt in violation of 15 U.S.C. §1692f.

65. Ms. Jackman's demands in the sworn Affidavit for amounts not expressly authorized by the agreement creating the debt or permitted by law, without knowledge of whether a written contract existed, were false, deceptive and misleading misrepresentations made without the information or ability to make a sworn affidavit as to the correctness of the amount owed, if any, by Ms. Blanchette, as required by Tennessee law, in violation of 15 U.S.C. §1692e(2)(A), the use of a false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§1692e and 1692e(10), and the use of unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. §1692f.

66. By filing the collection lawsuit against Ms. Blanchette: (1) after making business decisions to intentionally not obtain competent evidence, including, but not limited to, a copy of a written contract between Capital One National Bank Association / Suzuki and Ms. Blanchette,

12

(2) prior to reasonably and adequately investigating whether Ms. Blanchette owed the amount of debt they were attempting to collect, or owed the debt at all, (3) while using a sworn affidavit signed by Ms. Jackman, who does not possess the information or ability to make a sworn affidavit as to the correctness of the amount owed[1] that knowingly contains false, deceptive, and misleading statements in the course of litigation and under penalty of perjury, in order to increase their respective financial viability, Defendant Asset violated 15 U.S.C. §1692e(5), and the threat to take any action that cannot legally be taken is the use of a false, misleading and deceptive representations or means to collect or attempt to collect the debt, in violation of 15 U.S.C. §§1692e and 1692e(10).

67. By filing the collection lawsuit against Ms. Blanchette in an attempt to collect the debt with the use of an affidavit that knowingly contains false, deceptive and misleading misrepresentations made by Ms. Jackman, who alleged facts not in her possession and in violation of Tennessee state law, Defendant used false, deceptive, and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendant Asset had the legal right to attempt to collect the debt in the manner in which they attempted to collect it, in violation of 15 U.S.C. §§1692e, 1692e(5), and 1692e(10).

68. By using false, deceptive, and misleading representations or means in connection with collection of the debt by filing the sworn Affidavit that included the knowingly false, deceptive, and misleading statements, including the amount owed of $3,485.80, plus interest, Defendant Asset and its agent communicated credit information to the State court, the general public, and Ms. Blanchette, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

---

[1] as required under Tennessee state law for sworn accounts Tennessee Code Annotated §24-5-107(a).

69. By attempting to collect amounts in the sworn Affidavit not expressly authorized by the agreement creating the debt or permitted by law, Defendant Asset violated 15 U.S.C. §1692f(1).

70. The statement in the Affidavit that Plaintiff owed $3,485.80, after Defendant Asset intentionally chose not to obtain or to have Ms. Jackman review a copy of the written contract signed by Ms. Blanchette or other evidence as to the amount of debt allegedly owed by Ms. Blanchette or the fact that Ms. Blanchette owed the debt at all, prior to execution of the sworn Affidavit, was the use of deceptive and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendant had attempted to correctly calculate the amount owed based on the terms of the contract Ms. Blanchette allegedly had with the original creditor prior to filing the Affidavit, when Defendant had intentionally made no effort to do so, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

71. Each and every collection correspondence from Defendant Asset and its Agent Fulton were "communications" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2).

72. Defendant has never been able to provide documentation as to the actual contractual rate of interest or fees.

73. Ms. Blanchette disputed the debt in her Sworn Denial dated April 3, 2014.
See Exhibit G.

74. Defendant's use of any false, deceptive, or misleading representations or means in connection with the collection of any debt is a violation of 15 U.S.C. §1692e.

75. Defendant's use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, is a violation of 15 U.S.C.

14

Case 3:14-cv-00564-TAV-HBG Document 1 Filed 12/05/14 Page 14 of 17 PageID #: 14

§1692e(2).

76. As such, Defendant was utilizing collection efforts which were false, deceptive and misleading representations that would be confusing to the least sophisticated consumer as to how much was actually owed, and a threat to take any action that cannot be legally taken by attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of multiple provisions of the FDCPA including, but not limited to 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f and 1692f(1).

77. As a result of Defendant's actions, Ms. Blanchette is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

### *Respondeat Superior Liability*

78. The acts and omissions of this individual Defendant, and the other debt collectors employed as agents by Defendant Asset, who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Asset.

79. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Asset in collecting consumer debts.

80. By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant Asset.

81. Defendant Asset is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in

violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

82. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 81 above as if set forth fully herein.

83. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. §1692k(a)(1) in an amount to be determined at a trial by a jury;

b) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d) That the Court declare all defenses raised by Defendant to be insufficient; and

e) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 5th day of December, 2014.

                                  TAMARA BLANCHETTE

                      BY:    /s/ Brent Travis Strunk_____
                            Brent Travis Strunk (BPR 023050)
                            Attorney for Plaintiff

Brackett and Strunk, PLLC
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
865-688-0868
(f) 865-688-2950
consumerbk@comcast.net